## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **AMBER LUCAS-WILLIS,** | **MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:24-cv-00584-JCB** |
| **UTAH DRIVER LICENSE DIVISION OF SALT LAKE CITY; JEFF SHAVERS; and UTAH DRIVER LICENSE DIVISON MEDICAL ADVISORY BOARD,** | **Magistrate Judge Jared C. Bennett** |
| **Defendants.** | |

Pro se Plaintiff Amber Lucas-Willis ("Ms. Lucas-Willis") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.[1] Before the court is Ms. Lucas-Willis's complaint.[2] Ms. Lucas-Willis has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Ms. Lucas-Willis's complaint under the authority of the IFP Statute. Based upon the analysis set forth below, the court orders Ms. Lucas-Willis to file an amended complaint by January 15, 2025.

---

[1] ECF No. 5.

[2] ECF No. 1.

[3] ECF No. 4.

## BACKGROUND

Ms. Lucas-Willis names as defendants Utah Driver License Division of Salt Lake City;

Jeff Shavers, Central Manager ("Mr. Shavers"); and Utah Driver License Division Medical

Advisory Board (collectively, "Defendants").[4] Ms. Lucas-Willis's complaint contains the

following allegations in support of her claims:

> In 2019 of August [Ms. Lucas-Willis's] license was suspended due
> to retal[i]ation and false information about medical conditions . . .
> [O]n September 10, 2019 [Ms. Lucas-Willis] was in a verbal
> altercation with an employee about misconducts and maltreatment.
> [T]he next day September 11, 2019[,] a letter was mailed stating that
> [Ms. Lucas-Willis] need[ed] a medical review[,] claim[i]ng that
> [she] had mental issues and need[ed] to be evaluated and [her]
> license would be suspended if [she] did no[t] respond to the notice.
> [She] could not respond [due] to hardship and was not driving
> during [the] time the notice was disbursed . . . [Defendants] are using
> false HIPPA [sic] information against [Ms. Lucas-Willis]. [She]
> [has] no medical records that show valid medical examination to
> provide to [Defendants].[5]

Based upon these allegations, Ms. Lucas-Willis asserts causes of action for "[v]iolation

[o]f [HIPAA] rights" "deprivation of right as retal[i]ation," "reporting undiagnosed and false

inform[a]tion for personal gain" and "expelled hearsay," purportedly under 42 U.S.C. § 1983 and

*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[6]

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP

Statute, the court is required to "dismiss the case at any time if the court determines that . . . the

---

[4] ECF No. 1 at 1-3.

[5] *Id.* at 4-5.

[6] *Id.* at 3.

action . . . fails to state a claim on which relief may be granted."[7] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[8] Under that standard, the court "look[s] for plausibility in th[e] complaint."[9] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[10]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[11] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[14] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on

---

[7] 28 U.S.C. § 1915(e)(2)(B)(ii).

[8] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[9] *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

[10] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[11] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[14] *Id.*

notice of the claims against him.[15] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[16]

In analyzing Ms. Lucas-Willis's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[17] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[18] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[19] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.[20]

---

[15] *Twombly*, 550 U.S. at 555.

[16] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1471, 1480 (10th Cir. 1989).

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[18] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[19] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[20] *Bellmon*, 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend."[21]

**ANALYSIS**

Ms. Lucas-Willis's complaint is subject to dismissal because Ms. Lucas-Willis fails to state a claim under (I) 42 U.S.C. § 1983; or (II) *Bivens*. However, (III) because Ms. Lucas-Willis may be able to cure these deficiencies with adequate allegations in an amended complaint, the court allows her to do so.

## I.   Ms. Lucas-Willis Fails to State a Claim Under 42 U.S.C. § 1983.

Ms. Lucas-Willis's claims do not provide any basis for relief under 42 U.S.C. § 1983. "[T]o state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[22] Here, Ms. Lucas-Willis has not alleged that Defendants' decision to suspend her driver's license violated a federally protected right.

First, to the extent that Ms. Lucas-Willis attempts to state a claim under the Health Insurance Portability and Accountability Act ("HIPAA"),[23] this fails because no private right of action exists under HIPAA.[24] Second, "reporting undiagnosed and false information for personal gain" and "expelled hearsay" are not recognized causes of action and, therefore, must fail.

---

[21] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[22] *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quotations and citation omitted).

[23] "Violation of HIPPA [sic] rights" and "[Defendants] are using false HIPPA [sic] information against [Ms. Lucas-Willis]" ECF No. 1 at 3, 5.

[24] *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019) (citation omitted).

Finally, Ms. Lucas-Willis alleges the "deprivation of [her] right as retal[i]ation,"[25] however, because she has not demonstrated the *deprivation* of any federally protected constitutional right, she cannot state a claim for retaliation for the *exercise* of a constitutionally protected right under § 1983.[26]

Further, even if Ms. Lucas-Willis establishes the violation of a federally protected right, she has not established that Mr. Shavers is individually liable based on personal involvement with any alleged constitutional violation.[27] "Supervisory status alone does not create § 1983 liability."[28] Instead, "[a] supervisor is not liable under [§ 1983] unless an 'affirmative link' exists between the [constitutional] deprivation and either the supervisor's 'personal participation, his exercise of control or direction, or his failure to supervise.'"[29] Ms. Lucas-Willis makes no allegations regarding Mr. Shaver's actions. Therefore, she has not adequately alleged any factual basis to support an "affirmative link" between Mr. Shaver and any alleged constitutional violation. For these reasons, Ms. Lucas-Willis fails to state a plausible claim under § 1983.

## II.  Ms. Lucas-Willis Fails to State a Claim Under *Bivens*.

Ms. Lucas-Willis also fails to state a claim under *Bivens v. Six Unknown Named Agents*.[30] A *Bivens* action provides people who have suffered certain constitutional harms at the hands of

---

[25] ECF No. 1 at 3.

[26] *See, e.g.*, *Houston Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 ("[T]he First Amendment prohibits government officials from subjecting individuals to 'retaliatory actions' after the fact for having engaged in protected speech.").

[27] *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

[28] *Id.*

[29] *Meade v. Grubbs*, 841 F.2d 1512, 1517 (10th Cir. 1988).

[30] 403 U.S. 388 (1971).

federal agents with a financial remedy against the agents individually.[31] Indeed, *Bivens* claims "can be brought only against federal officials in their individual capacities."[32] None of the Defendants are federal officials. Therefore, Ms. Lucas-Willis's *Bivens* claim fails.

## III.   The Court Permits Ms. Lucas-Willis to Amend Her Complaint.

Based upon the foregoing analysis, Ms. Lucas-Willis fails to state a claim on which relief may be granted. However, dismissal is proper only "if it is obvious that [she] cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[33] Accordingly, the court will allow Ms. Lucas-Willis to amend her complaint because she might be able to cure these deficiencies with adequate allegations. Therefore, the court orders Ms. Lucas-Willis to submit an amended complaint by January 15, 2025.  The court will then address whether Ms. Lucas-Willis's amended complaint states a claim for relief. If it fails to do so, it will be subject to dismissal with prejudice.

### CONCLUSION AND ORDER

The court ORDERS as follows:

1.  Ms. Lucas-Willis is ordered to file an amended complaint by January 15, 2025.  The words "Amended Complaint" should appear in the caption of the document.

2.  Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

---

[31] *Id.* at 389. *See also Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987) ("A *Bivens* action seeks to impose personal liability and damages on a federal official for the violation of a constitutional right."); *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (describing *Bivens* actions as a "federal analog" to § 1983 suits in the limited settings where *Bivens* applies).

[32] *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

[33] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

3.  Ms. Lucas-Willis's failure to file an amended complaint may result in dismissal of this action.

4.  Ms. Lucas-Willis's motion to proceed in forma pauperis[34] is TEMPORARILY GRANTED.

IT IS SO ORDERED.

DATED this 18th day of December 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[34] ECF No. 2.