THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| AMBER LUCAS-WILLIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UTAH DRIVER LICENSE DIVISION OF SALT LAKE CITY; JEFF SHAVERS; and UTAH DRIVER LICENSE DIVISON MEDICAL ADVISORY BOARD,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00584-JCB<br><br>Magistrate Judge Jared C. Bennett |

　　　　Pro se Plaintiff Amber Lucas-Willis ("Ms. Lucas-Willis") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.[1] Ms. Lucas-Willis filed this action against Utah Driver License Division of Salt Lake City; Jeff Shavers, Central Manager ("Mr. Shavers"); and Utah Driver License Division Medical Advisory Board (collectively, "Defendants") on August 15, 2024.[2] Ms. Lucas-Willis has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] After identifying deficiencies in Ms. Lucas-Willis's complaint, the court ordered Ms. Lucas-Willis to file an amended complaint by January 15, 2025.[4] The court noted that failure to file an amended complaint may result in the dismissal of this action.[5] Ms. Lucas-

---

[1] ECF No. 5.

[2] ECF No. 1 at 1-3.

[3] ECF No. 4.

[4] ECF No. 6.

[5] *Id.* at 8.

Willis did not file an amended complaint by the deadline set forth in the court's order or anytime thereafter. As previously addressed, Ms. Lucas-Willis fails to state a plausible claim for relief. Because Ms. Lucas-Willis failed to comply with the court's order to amend her complaint, granting her further opportunities to amend would be futile. Therefore, the court dismisses this action with prejudice.

## BACKGROUND

Ms. Lucas-Willis's complaint contains the following allegations in support of her claims:

> In 2019 of August [Ms. Lucas-Willis's] license was suspended due to retal[i]ation and false information about medical conditions . . . [O]n September 10, 2019 [Ms. Lucas-Willis] was in a verbal altercation with an employee about misconducts and maltreatment. [T]he next day September 11, 2019[,] a letter was mailed stating that [Ms. Lucas-Willis] need[ed] a medical review[,] claim[i]ng that [she] had mental issues and need[ed] to be evaluated and [her] license would be suspended if [she] did no[t] respond to the notice. [She] could not respond [due] to hardship and was not driving during [the] time the notice was disbursed . . . [Defendants] are using false HIPPA [sic] information against [Ms. Lucas-Willis]. [She] [has] no medical records that show valid medical examination to provide to [Defendants].[6]

Based upon these allegations, Ms. Lucas-Willis asserts causes of action for "[v]iolation [o]f [HIPAA] rights" "deprivation of right as retal[i]ation," "reporting undiagnosed and false inform[a]tion for personal gain" and "expelled hearsay," purportedly under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[7]

---

[6] *Id.* at 4-5.

[7] *Id.* at 3.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[8] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[9] Under that standard, the court "look[s] for plausibility in th[e] complaint."[10] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[11]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[12] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[13] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[8] 28 U.S.C. § 1915(e)(2)(B)(ii).

[9] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[10] *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

[11] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[12] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

suffice."[15] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[16] The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against him so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[17]

In analyzing Ms. Lucas-Willis's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[18] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[19] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[20] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.[21]

---

[15] *Id.*

[16] *Twombly*, 550 U.S. at 555.

[17] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1471, 1480 (10th Cir. 1989).

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[19] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[20] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[21] *Bellmon*, 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend."[22]

## ANALYSIS

Ms. Lucas-Willis's complaint is dismissed because Ms. Lucas-Willis fails to state a claim under (I) 42 U.S.C. § 1983; or (II) *Bivens*. Each ground for dismissal is discussed in order below.

**I.    Ms. Lucas-Willis Fails to State a Claim Under 42 U.S.C. § 1983.**

Ms. Lucas-Willis's claims do not provide any basis for relief under 42 U.S.C. § 1983. "[T]o state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[23] Here, Ms. Lucas-Willis has not alleged that Defendants' decision to suspend her driver's license violated a federally protected right.

First, to the extent that Ms. Lucas-Willis attempts to state a claim under the Health Insurance Portability and Accountability Act ("HIPAA"),[24] her claim fails because no private right of action exists under HIPAA.[25] Second, "reporting undiagnosed and false information for personal gain" and "expelled hearsay" are not recognized causes of action and, therefore, fail to state a claim for relief. Finally, Ms. Lucas-Willis alleges the "deprivation of [her] right as retal[i]ation."[26] However, because she has not demonstrated the *deprivation* of any federally

---

[22] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[23] *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quotations and citation omitted).

[24] "Violation of HIPPA [sic] rights" and "[Defendants] are using false HIPPA [sic] information against [Ms. Lucas-Willis]" ECF No. 1 at 3, 5.

[25] *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019) (citation omitted).

[26] ECF No. 1 at 3.

protected constitutional right, she cannot state a claim for retaliation for the *exercise* of a constitutionally protected right under § 1983.[27]

Further, even if Ms. Lucas-Willis establishes the violation of a federally protected right, she has not established that Mr. Shavers is individually liable based on personal involvement with any alleged constitutional violation.[28] "Supervisory status alone does not create § 1983 liability."[29] Instead, "[a] supervisor is not liable under [§ 1983] unless an 'affirmative link' exists between the [constitutional] deprivation and either the supervisor's 'personal participation, his exercise of control or direction, or his failure to supervise.'"[30] Ms. Lucas-Willis's complaint makes no allegations regarding Mr. Shaver's actions. Thus, she has not adequately alleged any factual basis to support an "affirmative link" between Mr. Shaver and any alleged constitutional violation. For these reasons, Ms. Lucas-Willis fails to state a plausible claim under § 1983.

## II.   Ms. Lucas-Willis Fails to State a Claim Under *Bivens*.

Ms. Lucas-Willis also fails to state a claim under *Bivens v. Six Unknown Named Agents*.[31] A *Bivens* action provides people who have suffered certain constitutional harms at the hands of federal agents with a financial remedy against the agents individually.[32] Indeed, *Bivens* claims

---

[27] *See, e.g.*, *Houston Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 ("[T]he First Amendment prohibits government officials from subjecting individuals to 'retaliatory actions' after the fact for having engaged in protected speech.").

[28] *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

[29] *Id.*

[30] *Meade v. Grubbs*, 841 F.2d 1512, 1517 (10th Cir. 1988).

[31] 403 U.S. 388 (1971).

[32] *Id.* at 389. *See also Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987) ("A *Bivens* action seeks to impose personal liability and damages on a federal official for the violation of a constitutional right."); *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (describing *Bivens* actions as a "federal analog" to § 1983 suits in the limited settings where *Bivens* applies).

"can be brought only against federal officials in their individual capacities."[33] None of the Defendants are federal officials. Therefore, Ms. Lucas-Willis's *Bivens* claim fails.

## CONCLUSION AND ORDER

Ms. Lucas-Willis has failed to make sufficient allegations to state any claims upon which relief can be granted. Because Ms. Lucas-Willis failed to comply with the court's order to amend her complaint, granting her further opportunities to amend would be futile. Therefore, the court dismisses this action with prejudice. Based upon the foregoing analysis, the court HEREBY ORDERS:

1. Ms. Lucas-Willis's complaint is DISMISSED WITH PREJUDICE.
2. Ms. Lucas-Willis's motion to proceed in forma pauperis[34] is GRANTED.

IT IS SO ORDERED.

DATED this 23rd day of January 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[33] *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).
[34] ECF No. 2.